UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GREYSTONE MULTI-FAMILY BUILDERS, INC.** | § § § | |
| *Plaintiff*, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-921 |
| **GEMINI INSURANCE COMPANY** | § § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Greystone Multi-Family Builders, Inc. ("Greystone") and files this Original Complaint against Defendant Gemini Insurance Company ("Gemini"). Greystone respectfully would show this Court the following:

## I.
## PARTIES

1. Greystone is a Colorado for-profit corporation doing business in Texas at 675 Bering, Suite 200, Houston, Texas 77057.

2. On information and belief, Gemini is a corporation duly organized and existing under the laws of the State of Delaware and has its principal place of business in the State of Connecticut. On information and belief, Gemini is an eligible surplus lines insurance company in the state of Texas, and accepts the irrevocable appointment of the Secretary of State as binding on Gemini to be the lawful attorney for the service of Gemini.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District and Division under 28 U.S.C. § 1391, because Gemini is an entity subject to the court's personal jurisdiction in this district with respect to the civil action in question. The insurance policy at issue is a project-specific policy specifically covering the development and construction of an apartment construction project of 277 residential apartments located at 807 S. Post Oak, Houston, Texas 77056 (the "Project"). In addition, the events and acts or omissions giving rise to these claims occurred in this District, as the Project giving rise to this action is located at the address indicated above in Houston, Texas.

## III.
## FACTUAL BACKGROUND

**A. The Policy**

5. Greystone is a "Named Insured" on a Project Specific Commercial General Liability Insurance Policy issued by Gemini, bearing policy number VCWP001084 and effective August 30, 2012 to June 30, 2015 (the "Policy").

6. The Policy has a $2,000,000 Each Occurrence Limit of Insurance, subject to a General Aggregate Limit of Insurance of $2,000,000 and a Products-Completed Operations Aggregate Limit of Insurance of $2,000,000. The relevant insuring agreement provides, in pertinent part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

   \* \* \*

   b. This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; . . .

7. The Insuring Agreement Section b.(2) is deleted and replaced with the following language pursuant to the EXTENDED PRODUCTS–COMPLETED OPERATIONS HAZARD ENDORSEMENT:

   2. The "bodily injury" or "property damage" occurs during the policy period, except for "bodily injury" or "property damage" included in the products-completed operations hazard. For "bodily injury" or "property damage" included in the "products-completed operations hazard" the "bodily injury" or "property damage" will be covered only if it occurs during the policy period or within the "extended products-completed operations period"; and

      (a) "Extended products-completed operations period" means during the period of time allowed by the applicable law, in effect at the inception date of the policy, for claims or suits to be brought against the insured.

      (b) The occurrence period described in this endorsement is considered part of the original policy period for purposes of

       determining the Limits of Insurance. The Products-Completed Operations Aggregate Limit applies for the entire policy period including the "extended Products-Completed operations period".

8. The Policy Definitions Section provides, in pertinent part, as follows:

**SECTION V – DEFINITIONS**

* * *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**16. "**Products-completed operations hazard":

   **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

     (1) Products that are still in your physical possession; or

     (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        (a) When all of the work called for in your contract has been completed.

        (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

* * *

**17. "**Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

22. "Your work":

    a.  Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b.  Includes:

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2) The providing of or failure to provide warnings or instructions.

## B. The Liability Claim

9. TPG (Post Oak) Acquisition, LLC ("TPG") hired Greystone as the General Contractor for the Project.

10. On or about August 21, 2012, TPG and Greystone entered into an AIA Standard Form Agreement to govern construction of the Project ("Construction Contract").

11. Construction of the Project began in or about September 2012. Due to factors including TPG's failure to make timely payments, Greystone could not fully perform its obligations under the Construction Contract.

12. On or about April 27, 2015, TPG terminated the Construction Contract. As a result, Greystone was forced to abandon its work on the Project and its work was considered complete at that point. TPG retained Allied Realty Advisors and/or its related entities ("Allied") to complete construction of the Project.

13. Greystone thereafter filed a lawsuit against TPG and Allied, captioned Case No. 2015-25232, *Greystone Multi-Family Builders, Inc. v. TPG (Post Oak) Acquisition, LLC, et al.*, in the 334th Judicial District Court of Harris County, Texas (the "Underlying Action").

14. On or about May 6, 2015, Greystone filed its operative Second Amended Petition and Request For Disclosure in the Underlying Action alleging nine causes of action for: 1) Breach of Contract; 2) Promissory Estoppel (Justifiable Reliance/Detrimental Reliance); 3) Breach of the Covenant of Good Faith and Fair Dealing; 4) Tortious Interference; 5) Fraud and Fraudulent Inducement; 6) Civil Conspiracy; 7) Unjust Enrichment; 8) Conversion; and 9) Declaratory Judgment.

15. On or about November 11, 2015, TPG filed a Counterclaim against Greystone and others in the Underlying Action.

16. Thereafter, TPG filed its operative First Amended Answer and Counterclaims ("FACC") in the Underlying Action alleging against Greystone a cause of action for Breach of the Construction Contract.

17. Greystone timely tendered its defense for the Underlying Action to Gemini, and timely forwarded all suit papers.

18. On March 16, 2016, Gemini wrongfully denied coverage to Greystone for the Underlying Action, on the basis that "Gemini is not obligated to indemnify or defend [Greystone] for property damage that occurs while [Greystone] is performing operations" and because "property damage caused by mold is precluded under the policy." *See* **Exhibit "A."**

19. On April 21, 2016, Greystone, through counsel, responded to the denial and asked Gemini to reconsider. *See* **Exhibit "B."**

20. On June 2, 2016, Gemini, through counsel, restated its denial of coverage to Greystone. *See* **Exhibit "C."** In doing so, Gemini took the position that it has no duty to defend or indemnify Greystone in the Underlying Action, stating that Greystone never completed its work, and therefore the property damage alleged against Greystone occurred during Greystone's operations, such that coverage was precluded by certain Policy exclusions.

21. Subsequently, counsel for Greystone engaged in an exchange of letters with Gemini's counsel challenging the denial, pursuant to Texas law, but Gemini refused to change its position. *See* **Exhibits "D" through "H."**

C. **Coverage Exists for the Claims Asserted**

22. Despite Gemini's contentions otherwise, the claims asserted by TPG against Greystone in the Underlying Action constitute a "suit" made against Greystone for "property damage" caused by an "occurrence" during the policy period or within the "extended product-completed operations period" and therefore satisfy the requirements under the Policy for coverage. In the FACC, TPG alleges that the Project has sustained property damage arising from defective construction. The allegations are also clear that the damage at issue occurred during the Policy's effective period. Moreover, none of the exclusions relied on by Gemini operate to negate all potential for coverage under the Policy.

23. Because of the foregoing, under the terms of the Policy, Gemini has a duty to defend Greystone in connection with the claims asserted against Greystone in the Underlying Action.

24. To date, Gemini has not paid any of the defense costs and expenses incurred by Greystone in defending against the claims asserted by TPG in the Underlying Action.

# IV.
# CAUSES OF ACTION

25. Each of the foregoing paragraphs is incorporated by reference in the following causes of action:

## A. Declaratory Relief

26. An actual controversy exists between Greystone and Gemini with respect to their rights and obligations under the Policy in connection with the Underlying Action. In particular, a dispute exists as to whether the allegations in the Underlying Action sufficiently allege a claim for "property damage" caused by an "occurrence" during the policy period or within the "extended product-completed operations period" as required in the Policy, such that Gemini must defend Greystone in the Underlying Action.

27. Greystone seeks a declaration that Gemini is obligated to provide a defense to Greystone in the Underlying Action.

## B. Breach of Contract

28. The Policy sets forth contractual obligations on the part of Gemini to defend Greystone when allegations are made against it that potentially fall within the coverage afforded by the Policy and none of the exclusions in the Policy preclude coverage.

29. Gemini has breached the terms and provisions of the Policy by failing and refusing to defend Greystone or pay any defense fees and costs in connection with the Underlying Action. In particular, the Underlying Action asserts claims that potentially fall within the coverage afforded by the Policy and no exclusions apply to preclude coverage. In addition, all conditions in the Policy were satisfied or waived by Gemini. Gemini's refusal to defend Greystone or pay any defense fees and costs has caused Greystone damages.

## C. Prompt Payment of Claims Statute

30.  The failure of Gemini to timely provide a defense to Greystone in the Underlying Action and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

31.  Greystone, therefore, in addition to its claim for damages, is entitled to 18% interest per annum and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

## D. Attorneys' Fees

32.  Greystone engaged counsel to prosecute this lawsuit against Gemini and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

33.  Greystone prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code.

## V. CONDITIONS PRECEDENT

34.  All conditions precedent to Greystone's right to recover under the Policy have occurred, have been fully performed, have been waived by Gemini, and/or Gemini should be estopped from enforcing any condition precedent.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Greystone prays that, upon final hearing of the case, this Court declare and adjudge the contractual obligations of Gemini, that this Court declare and adjudge that Greystone recovers all damages from and against Gemini that it may reasonably establish by a preponderance of the evidence, and that this Court award attorneys'

fees through trial and any appeal, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which Greystone may show itself to be justly entitled.

Respectfully submitted,

By: */s/ Douglas P. Skelley*
Lee H. Shidlofsky
State Bar No. 24002937
Southern District No. 22026
lee@shidlofskylaw.com
Douglas P. Skelley
State Bar No. 24056335
Southern District No. 903934
doug@shidlofskylaw.com

**ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:

SHIDLOFSKY LAW FIRM PLLC
7200 N. Mopac Expressway, Suite 430
Austin, Texas 78731
Telephone: (512) 685-1400
Facsimile: (866) 232-8709